IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LDM GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| OPTIMIZERx CORPORATION, ) | JURY TRIAL DEMANDED |
| a Nevada company, ) | |
| ) | |
| and ) | |
| ) | |
| OPTIMIZERx CORPORATION, ) | |
| a Michigan company, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

COMES NOW Plaintiff LDM Group, LLC ("LDM Group") and for its Complaint against Defendants OptimizeRx Corporation, a Nevada company, and OptimizeRx Corporation, a Michigan company, states as follows:

**Parties and Introduction**

1. LDM Group is a limited liability company organized and existing under Missouri law with its principal place of business at 10845 Olive Blvd, Creve Coeur, MO 63141.

2. Defendant OptimizeRx Corporation is a Nevada company, and its subsidiary OptimizeRx Corporation is a Michigan company with its principal place of business at 400 Water Street, Ste 200, Rochester MI 48307 ("OptimizeRx Nevada" and "OptimizeRx Michigan," respectively, and collectively "Defendants" or "OptimizeRx").

3. LDM Group previously sued OptimizeRx Michigan for infringement of U.S. Patent No. 8,121,868 B1, issued on Feb. 21, 2012 (the '868 patent"), and sought damages and

1903359

injunctive relief to stop and remedy OptimizeRx's patent infringement in Cause No. 4:12CV02043 in the U.S. District Court for the Eastern District of Missouri. A true and accurate copy of the '868 patent is attached hereto as <u>Exhibit 1</u>.

4.  Both OptimizeRx Nevada and OptimizeRx Michigan negotiated a settlement of that lawsuit which culminated in confidential agreements, including a confidential Settlement and Patent License Agreement (the "Patent License") attached hereto <u>under seal</u> as <u>Exhibit 2</u> and a confidential Master Services Agreement ("MSA") attached hereto <u>under seal</u> as <u>Exhibit 3</u> (collectively, the "Agreements").

5.  Cause No. 4:12CV02043 was jointly dismissed with prejudice as to the claims existing on or about March 7, 2013; however, the Agreements have been breached by Defendants, leading to their immediate and/or imminent termination, or they were never valid or enforceable for lack of mutual assent and/or procurement by Defendants' misrepresentations. Defendants are therefore without any license or permission from LDM Group to practice the invention of the '868 patent and are infringing the same, necessitating this related action.

## Jurisdiction and Venue

6.  This is a civil action brought by LDM Group arising under the patent laws of the United States, specifically, Title 35 of the United States Code, and additionally for an account of money owed and/or rescission of contract.

7.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

8. This Court additionally has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

9. Personal jurisdiction is established because a substantial part of the events giving rise to LDM Group's claims occurred in this District, and Defendants may be found and/or reside in this District by virtue of their deployment of technologies through a national network of pharmacies, including within the Eastern District of Missouri.

## Background

10. The '868 patent issued on February 21, 2012, bearing the title "SYSTEMS AND METHODS FOR PROVIDING AN INDUCEMENT TO PURCHASE INCIDENT TO A PHYSICIAN'S PRESCRIPTION OF MEDICATION."

11. LDM Group is the owner by assignment of all right, title and interest in and to the '868 patent and has full and exclusive right to bring suit and enforce the '868 patent.

12. The '868 patent claims a method which does not require significant hardware investment for providing targeted content to a prescription medication patient while the patient is still in a physician's office, as set forth in Claims 1-11 of the '868 patent, at Columns 23-24 thereto.

13. Directly and/or through intermediaries, in the United States and in this District, OptimizeRx makes, uses, sells, offers, performs and induces other to use a method for targeting content to patients in a physician's office based upon prescription information. OptimizeRx markets this method on the Internet and through other means, in the United States and this District, as an integrated version of its SampleMD product ("Integrated SampleMD").

3

14. Defendants' Integrated SampleMD method is intended to function as advertised by OptimizeRx and its affiliates, without significant hardware investment, including but not limited to providing targeted offers to a prescription medication patient while the patient is still in a provider's office, in part and in summary as follows:

   a) A doctor enters prescription drug information into a desktop or other device within the doctor's office;

   b) The prescription drug information is transmitted through a server and over the Internet to a fully integrated software module, which resides within an e-prescribing computer;

   c) Patient status and identifying criteria are determined and selected within the e-prescribing computer;

   d) An electronic call utilizing selected criteria is made to a database running rules based technology;

   e) A collection or confirmation of targeted offers (and in some instances segmented offers based upon geography, age, gender, or unique targeting) is returned for the provider to review at the same time formulary is displayed;

   f) The targeted offer(s) is provided to the patient while in the doctor's office, with the prescription or via print, email and/or text message.

15. Defendants' Integrated SampleMD method as summarized above and more fully described in OptimizeRx's marketing materials infringes the claims of the '868 patent.

16. Defendants' Integrated SampleMD method is used by doctors, e-prescribers, and pharmacies in the United States and upon information and belief, in this District.

17. OptimizeRx, directly and/or through intermediaries, has purposefully sold, offered for sale, and/or implemented the Integrated SampleMD method in the United States and the State of Missouri, and, more specifically, in this District, in competition with LDM Group's services and methodology for targeting offers to patients in a physician's office and upon information and belief continues to do so to date.

18. On November 2, 2012, LDM Group sued OptimizeRx Michigan for patent infringement, Cause No. 4:12CV02043, before this Court.

19. The parties jointly dismissed Cause No. 4:12CV02043 on March 7, 2013 based upon purported agreements that LDM Group understood to amicably resolve the patent infringement lawsuit under confidential terms as memorialized in the Agreements.

20. LDM Group has complied fully with all terms of the Agreements to date.

21. OptimizeRx breached the MSA by failing to disclose required information on or before March 1, 2013 as required under the confidential terms of the Agreements.

22. Additionally, OptimizeRx made false assertions of default by LDM Group based upon an unreasonable and intentionally concealed interpretation of the Agreements that evidences either a lack of mutual assent as to the Agreements' terms when they were entered into and/or procurement by OptimizeRx's misrepresentations to LDM Group.

23. OptimizeRx further breached the confidentiality provisions of the Agreements by revealing their key terms to OptimizeRx's business associates for OptimizeRx's sole benefit without consent or permission of LDM Group.  LDM Group thereafter immediately terminated the MSA on or about April 22, 2013 and terminated the Patent License effective on or about May 22, 2013, both to the extent the Agreements were valid or enforceable Agreements in any event.

## COUNT I:
## RESCISSION
**(in the alternative)**

24. LDM Group hereby incorporates, as though fully set forth herein, the allegations of the foregoing paragraphs of this Complaint.

25. Under the Agreements, OptimizeRx was to supply certain information to LDM Group pursuant to Section 4 of the confidential MSA. OptimizeRx refused and failed to provide such information to LDM Group constituting a breach of contract.

26. In addition, under both the MSA and the Patent License, OptimizeRx was obligated to keep confidential all terms. OptimizeRx shared and disclosed key terms of the Agreements with third parties for the sole financial and reputational benefit of OptimizeRx in violation of the confidentiality provisions and to the harm of LDM Group without and contrary to LDM Group's consent. The breach was material.

27. Rather than comply with the terms of the Agreements by providing the information required by Section 4 of the MSA and maintaining confidential the terms of the Agreements, OptimizeRx has instead falsified an alleged default of the MSA by LDM Group by tendering an ineffective and baseless notice of default dated April 1, 2013 which fabricates a duty of LDM Group that does not exist under the MSA as either understood by LDM Group or memorialized in the written documents.

28. Such notice of default is ineffective in that it assumes a construction of the Agreements that at best evidences a lack of mutual assent of the parties and at worst evidences OptimizeRx's concealment and/or material failure to communicate to LDM Group and unlawful its true intent during the negotiations and purported amicable resolution of the patent infringement lawsuit, which constitutes a contract procured by misrepresentation and/or fraudulent inducement under Missouri law. OptimizeRx's conduct entitles LDM Group to rescission of the Agreements and damages for harm caused.

29. Upon rescission of the MSA, the Patent License, accordingly, fails for lack of consideration, leaving OptimizeRx without consent or permission to practice the invention of the '868 patent at any time.

WHEREFORE, Plaintiff LDM Group requests that the Court rescind and/or find invalid and unenforceable the Agreements, restore LDM Group to its position as if the Agreements had never been made including an award to LDM Group of its compensatory damages and restitutionary award of attorneys' fees, and for all other remedies to LDM Group the Court might deem just and proper.

## COUNT II:
## ACTION ON ACCOUNT & MONEY OWED UNDER LICENSE
## TO THE EXTENT NOT RESCINDED BY THE COURT
**(in the alternative)**

30. LDM Group hereby incorporates, as though fully set forth herein, the allegations of the foregoing paragraphs of this Complaint.

31. Pursuant to the settlement negotiations of the aforementioned patent infringement lawsuit, LDM Group furnished OptimizeRx with a limited patent license, the terms of which were confidential.

32. The consideration for that license was set forth in the confidential MSA, the amounts of which were reasonable and have not been paid.

33. To the extent the Agreements were at any time valid and enforceable and not rescinded by this Court as requested above, amounts due from OptimizeRx to LDM Group under the confidential MSA were intended to compensate LDM Group for Defendants' practicing of the invention disclosed in the '868 patent and upon information and belief are anticipated to exceed $75,000 from the execution of the Agreements on or about February 26, 2013, up to and including the termination of the Patent License on or about May 22, 2013.

34. OptimizeRx has refused to supply LDM Group with information to account for the amounts owed and also its unwillingness to pay such amounts through its falsified and unreasonable construction of the Agreements and falsifications of default by LDM Group.

WHEREFORE, Plaintiff LDM Group seeks an account of amounts owed, damages to compensate for the same, and all other remedies to LDM Group the Court might deem just and proper pursuant to this Action on Account.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 8,121,868 B1

35. LDM Group hereby incorporates, as though fully set forth herein, the allegations of the foregoing paragraphs of this Complaint.

36. In light of either the invalidity and unenforceability of the Patent License for lack of consideration, or in the alternative its termination by LDM Group due to the immediate termination of the MSA based upon OptimizeRx's breach of confidentiality, OptimizeRx has, since at least the dismissal of Cause No. 4:12CV02043, infringed the '868 patent.

37. OptimizeRx continues to infringe the '868 patent by making, using, selling, performing and/or offering for sale within the United States or importing into the United States systems and/or methods that embody one or more of the claims of the '868 patent, and/or by contributing to infringement, inducing others to infringe the '868 patent, and/or carrying on acts constituting infringement under 35 U.S.C. § 271.

38. OptimizeRx knew of LDM Group's patented technology, including the '868 patent, in the first patent infringement action, Cause No. 4:12CV02043, and procured by misrepresentation the March 7, 2013 dismissal of that action with the intent to misconstrue the Agreements knowing it continued its infringement of the '868 patent thereafter, and OptimizeRx's actions have accordingly been willful, deliberate, and malicious.

39. OptimizeRx will continue to willfully infringe the '868 patent unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to LDM Group.

40. As a direct and proximate result of the infringement by Defendant OptimizeRx of the '868 patent, LDM Group has been and continues to be damaged in an amount yet to be determined.

WHEREFORE, on its patent infringement claim, in addition to the relief requested in the alternative Counts I and II, LDM Group respectfully prays for judgment against OptimizeRx as follows:

A. For a judgment holding Defendants liable for infringement of the '868 patent;

B. For an award of damages adequate to compensate LDM Group for Defendants' infringement of the '868 patent, including treble damages and other damages allowed by 35 U.S.C. § 284;

C. For injunctive relief enjoining Defendants, their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with it as follows:

   (i) from manufacturing any systems or methods providing any services falling within the scope of the claims of the '868 patent;

   (ii) from using any product, method or providing services falling within the scope of any of the claims of the '868 patent;

   (iii) from selling, offering to sell, licensing or purporting to license any product, method or offering services falling within the scope of any of the claims of the '868 patent;

   (iv) from importing any product into the United States which falls within the scope of the '868 patent;

   (v) from actively inducing others to infringe any of the claims of the '868 patent;

   (vi) from engaging in acts constituting contributory infringement of any of the claims of the '868 patent; and

        (vii)    from all other acts of infringement of any of the claims of the '868 patent;

D.    That Defendants be ordered to deliver up for destruction all items used in the infringing methods in their possession;

E.    That this be declared an exceptional case and that LDM Group be awarded its attorneys' fees against Defendants pursuant to 35 U.S.C. § 285;

F.    For an award of LDM Group's costs of this action; and

G.    For such further relief as this Court deems LDM Group may be entitled to in law and in equity.

## JURY DEMAND

Plaintiff LDM Group demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  April 22, 2013                        Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:    /s/ Bridget G. Hoy
       Richard B. Walsh, Jr., #33523MO
       Bridget G. Hoy, #50733MO
       Jennifer L. Gustafson, #60630MO
600 Washington Ave., Ste 2500
St. Louis, Missouri  63101
Telephone:  (314) 444-7600
Facsimile:  314) 241-6056

**Attorneys for Plaintiff LDM Group, LLC**