IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LDM GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 13-CV-00773 |
| | ) |
| OPTIMIZERx CORPORATION, a Nevada company, | ) |
| | ) JURY TRIAL DEMANDED |
| and | ) |
| | ) |
| OPTIMIZERx CORPORATION, a Michigan company, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

OptimizeRx Corporation, a Nevada company and OptimizeRx Corporation, a Michigan Company, (collectively "OPRX") by and through their counsel, Harness, Dickey & Pierce, PLC, respond to Plaintiff's Complaint as follows:

1. OPRX lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

2. Admits.

3. Denies Plaintiff's characterization of its prior lawsuit against LDM Michigan as incomplete. Alleges that the pleadings in *LDM Group LLC v. OptimizeRx Corporation*, Case No. 12-cv-02043 speak for themselves and include, without limitation, counterclaims OPRX alleged against Plaintiff. Denies all remaining allegations and implications.

-2-

4. Alleges that OPRX and LDM negotiated a settlement of Case No. 12-cv-02043 with LDM, which culminated in the execution of the Agreements. Denies all remaining allegations and implications.

5. Admits that Plaintiff's prior lawsuit, *LDM Group LLC v. OptimizeRx Corporation*, Case No. 12-cv-02043, was dismissed with prejudice. Denies all remaining allegations and implications.

6. Alleges that Plaintiff is asserting a patent claim and demands for an account of money and contract rescission. Denies that Plaintiff's claim and demands against OPRX have any basis in law or fact. Denies all remaining allegations and implications.

7. Denies that Plaintiff has any basis to assert a patent claim against OPRX and therefore denies that either 28 U.S.C. §§1331 and/or 1338 confer subject matter jurisdiction over this action. Denies all remaining allegations and implications.

8. Admits.

9. Alleges that the parties in their Agreements have agreed not to contest personal jurisdiction in this Court.

10. Alleges that the issues of the validity and infringement of the Patent are moot in light of the Agreements. Denies Plaintiff's characterization of U.S. Patent No. 8,121,868 B1 (the "Patent") as incomplete. Alleges that the Patent speaks for itself and denies all allegations and implications inconsistent therewith. Denies all remaining allegations and implications.

11. OPRX lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

12. Incorporates herein by reference Paragraph 10 of the Answer. Denies Plaintiff's characterization of the Patent as incomplete. Alleges that the Patent speaks for itself and denies

all allegations and implications inconsistent therewith. Denies all remaining allegations and implications.

15. 13. Denies Plaintiff's characterization of OPRX and its Sample MD product as incomplete. Denies all remaining allegations and implications.

14. Denies Plaintiff's characterization of OPRX's Sample MD product as incomplete. Denies all remaining allegations and implications.

15. Denies.

16. Admits that OPRX's Sample MD product is used by doctors, e-prescribers, and pharmacies in the United States.

17. Denies Plaintiff's characterization of OPRX's marketing activities as inaccurate and incomplete. Denies all remaining allegations and implications.

18. Alleges that LDM brought *LDM Group LLC v. OptimizeRx Corporation*, Case No. 12-cv-02043 against OPRX. Alleges that the pleadings speak for themselves and include, without limitation, counterclaims OPRX alleged against Plaintiff.

19. Incorporates herein by reference Paragraph 10 of the Answer. Denies Plaintiff's characterization of the Agreements between Plaintiff and OPRX as incomplete. Alleges that the parties executed the Agreements and jointly moved the Court to dismiss the case. Denies all remaining allegations and implications.

20. Denies. Alleges that Plaintiff has materially breached the Agreements.

21. Denies.

22. Denies.

23. Denies.

24. OPRX reincorporates the preceding paragraphs of its answer as if set forth fully herein.

25. Alleges that OPRX has supplied all information that it is required to supply. Denies all remaining allegations and implications.

26. Denies that OPRX breached either Agreement and alleges that Plaintiff has and continues to materially breach both Agreements. Alleges that the Agreements speak for themselves. Denies all remaining allegations and implications.

27. Denies.

28. Denies.

29. Denies.

30. OPRX reincorporates the preceding paragraphs of its answer as if set forth fully herein.

31. Alleges that pursuant to the Agreements, LDM furnished OPRX with a license to the Patent. Further alleges that the Agreement speak for itself and denies all allegations and implications inconsistent therewith. Denies all remaining allegations and implications.

32. Alleges that the Agreements set forth the amount OPRX is required to pay, and alleges that OPRX has paid all sums due.

33. Denies.

34. Denies.

35. OPRX reincorporates the preceding paragraphs of its answer as if set forth fully herein.

36. Denies.

37. Denies.

-4-

-5-

38. Denies.

39. Denies.

40. Denies.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by express provisions of the Agreements between Plaintiff and OPRX.

3. Plaintiff's claims are barred by acquiescence, waiver and estoppel.

4. OPRX reserves the right to assert additional affirmative defenses, which may present themselves during the course of discovery.

## COUNTERCLAIM

Defendants/Counterclaimants OptimizeRx Corporation, a Nevada company, and OptimizeRx Corporation, a Michigan Company, (collectively "OPRX") hereby counterclaim against Plaintiff/Counterclaim Defendant LDM Group, LLC ("LDM") as follows:

### The Parties

1. OptimizeRx Corporation is a Nevada company and its subsidiary, OptimizeRx Corporation, is a Michigan company with its principal place of business located at 400 Water St, Suite 200, Rochester, MI 48307.

2. LDM Group is a Missouri company with a principal place of business located at 10845 Olive Blvd, Creve Coeur, MO 63141.

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because OPRX's damages exceed $75,000, exclusive of interest and costs, and this controversy is between citizens of different states.

4. Venue in the United States District Court for the Eastern District of Missouri is appropriate because LDM resides within this district, and a substantial part of the events giving rise to OPRX's causes of action occurred in this district.

### Background

5. On November 2, 2012, LDM filed a complaint against OPRX in the United States District Court for the Eastern District of Missouri, *LDM Group LLC v. OptimizeRx Corporation*, Case No. 12-cv-02043, alleging a claim for infringement of the Patent.

6. On February 14, 2013, OPRX answered LDM's complaint by denying LDM's patent infringement claim, and alleging counterclaims seeking a declaratory judgment that OPRX had not infringed the Patent and that the Patent was invalid.

7. On February 26, 2013, the parties settled this matter by executing the License Agreement and MSA (the "Agreements"). Pursuant to the Agreements, OPRX was granted, in pertinent part, a license in the Patent and the right to promote and accept eCoupons. In exchange, OPRX paid LDM an agreed upon sum for each eCoupon.

8. Pursuant to the Agreements, LDM agreed not to accept or promote any eCoupons other than through OPRX.

9. In material breach of the Agreements, LDM has and continues to promote eCoupons to healthcare companies and providers. The advertisements set forth on LDM's own website prove this fact. (*see* http://www.ldmgrp.com/EMR/eCopay and http://www.ldmgrp.com/EMR/eCopayAdvantage, screenshots of which are attached as Exhibit A).

10. LDM has not denied that it is in material breach of the Agreements, but instead alleges, without citing to any specific contractual provision, that OPRX's position that LDM shall not accept or promote any eCoupons other than through OPRX is "fabricated" and "does not exist under the MSA as either understood by LDM Group or memorialized in the written documents." (Docket No. 1, ¶ 27).

11. LDM's attempt to modify the plain language of the MSA based on alleged prior "written documents" is not only baseless, but also would be expressly prohibited by the MSA's Integration Clause if such documents existed. In fact, they do not.

12. After OPRX's attempts to resolve this matter informally with LDM failed, OPRX provided LDM with official notice of default pursuant to the MSA on April 1, 2013.

13. In response, LDM fabricated three reasons why it contends OPRX breached the Agreements, which it re-alleged in its Complaint in the above-captioned action, none of which are true.

14. First, LDM alleged that OPRX failed to pay LDM monies owed for eCoupons OPRX distributed and/or redeemed, which is untrue. OPRX has and continues to make monthly installment payments to OPRX for eCoupons distributed and/or redeemed as provided for in the Agreements. In fact, OPRX made its latest monthly installment payment to LDM on May 2, 2013.

15. Second, LDM alleged that OPRX failed to provide LDM with an accounting of eCoupons OPRX has distributed and/or redeemed, which is also untrue. In connection with its monthly installment payments, OPRX has and continues to provide LDM with a complete accounting of all eCoupons distributed and/or redeemed. In fact, LDM sent OPRX exactly such an accounting with its latest monthly installment payment on May 2, 2013.

16. Third, LDM alleged that OPRX breached the Agreements by disclosing unidentified confidential information to unidentified third parties, which is untrue. At no time has LDM presented any evidence of either the information OPRX allegedly disclosed or the alleged recipients of such information. In fact, it was LDM, not OPRX, who breached confidentiality by preparing a press release which not only publically announced the parties' settlement, but also publically announced particular details about the Agreements in violations of the Agreement's Confidentiality Provision.

17. As of the date this Answer and Counterclaim were filed, LDM continues to materially breach the Agreements by promoting eCoupons despite OPRX's repeated demands to comply with the Agreements.

## COUNT I: Breach of Contract

18. OPRX hereby incorporates, as though fully set forth herein, the allegations of the foregoing paragraphs.

19. OPRX and LDM executed the Licensing Agreement and MSA, both of which are valid and enforceable contracts.

20. OPRX has fulfilled all of its obligations under the contract and satisfied all conditions precedent to LDM's performance.

21. Pursuant to the Agreements, LDM licensed the Patent to OPRX and LDM was explicitly prohibited from promoting "any" eCoupons other than through OPRX.

22. LDM has and continues to materially breach the License Agreement and MSA by promoting eCoupons to healthcare companies and providers and by baselessly demanding that OPRX immediately cease using the Patent.

23. As a result of LDM's material breaches of the Agreements, OPRX has and continues to suffer damages in an amount to be determined at trial and in excess of $75,000, exclusive of interest and costs.

24. LDM is liable to OPRX for all damages and losses, including loss of reasonable profits, and for the costs and expenses sustained by OPRX as a result of LDM's breaches.

## COUNT II: Breach of the Duty of Good Faith and Fair Dealing

25. OPRX hereby incorporates, as though fully set forth herein, the allegations of the foregoing paragraphs.

26. The License Agreement and MSA included implied duties of good faith and fair dealing.

27. LDM materially breached the duty of good faith and fair dealing by, without limitation, breaching the Agreements as described above, baselessly demanding that OPRX immediately cease using the Patent, and, in order to avoid its obligations under the Agreements, fabricating reasons why OPRX allegedly breached the Agreements.

28. As a result of LDM's breaches of the duty of good faith and fair dealing, OPRX has and continues to suffer damages as set forth above.

29. LDM is liable to OPRX for all damages and losses, including loss of reasonable profits, and for the costs and expenses sustained by OPRX as a result of LDM's breaches.

## COUNT III: Declaratory Judgment

30. OPRX hereby incorporates, as though fully set forth herein, the allegations of the foregoing paragraphs.

31. OPRX seeks a declaratory judgment pursuant to 28 USC § 2201 and Federal Rule of Civil Procedure 57.

32. OPRX alleges that LDM's promotion of eCoupons to healthcare companies and providers breaches the MSA, which LDM disputes.

33. Given OPRX and LDM's fundamentally different stances regarding whether LDM's promotion of eCoupons breaches the MSA, there is a bona fide, actual, present, practical need for a declaration as to whether LDM's promotion of eCoupons breaches the MSA.

34. Adjudication of OPRX and LDM's dispute over whether LDM's promotion of eCoupons breaches the MSA is necessary to finalize the rights and legal relations between OPRX and LDM. A ruling of the nature requested in this action is not simply legal advice.

## **COUNT IV: Injunctive Relief**

35.     OPRX hereby incorporates, as though fully set forth herein, the allegations of the foregoing paragraphs.

36.     OPRX seeks injunctive relief pursuant to 28 USC § 2201 and Federal Rule of Civil Procedure 65.

37.     OPRX is substantially likely to succeed in proving that LDM's promotion of eCoupons to healthcare companies and providers breaches the plain language of the MSA, which far exceeds the "fair chance of prevailing" standard necessary for injunctive relief in the Eighth Circuit.

38.     There is no factual dispute that the MSA expressly prohibits LDM from promoting "any" eCoupons other than through OPRX.

39.     There is no factual dispute that LDM is promoting eCoupons to healthcare companies and providers.

40.     As a result of LDM's breaches of the Agreements, OPRX is being irreparably injured. In addition to losing the financial benefit from distributing and/or redeeming eCoupons, OPRX is also being denied the ability to enter into business relationships and conduct further business with healthcare companies and providers as detailed in the Agreements resulting in, without limitation, additional lost profits.

41.     The balance of hardships favors enjoining LDM from continuing to breach the Agreements by promoting eCoupons to healthcare companies and providers. As detailed in paragraph 38, OPRX has and continues to suffer irreparable harm as a result of LDM's material breaches. By enjoining LDM from continuing to breach the Agreements, LDM will suffer no harm, but will instead be compelled to abide by the terms of the Agreements that it executed.

42. The public interest supports requiring parties to abide by the terms of their Agreements and, thus supports enjoining LDM from continuing to breach the Agreements by promoting eCoupons to healthcare companies and providers.

43. As such, LDM should be enjoined from violating the License Agreement and MSA by promoting eCoupons to healthcare providers and/or healthcare companies other than through OPRX, as detailed more fully in OPRX's Preliminary Injunction Motion.

**WHEREFORE**, OPRX requests that the Court:

1) Enter Judgment in OPRX's favor on all causes of action;

2) Award OPRX damages in an amount to be determined at trial;

3) Award OPRX its costs and expenses sustained as a result of this action including, but not limited to, reasonable attorneys' fees;

4) Enter a Judgment holding that LDM's promotion of eCoupons materially breaches the MSA;

5) Enter a preliminary and permanent injunction enjoining Defendants from violating the License Agreement and MSA by promoting eCoupons to healthcare providers and/or healthcare companies other than through OPRX, as detailed more fully in OPRX's Preliminary Injunction Motion, which is being filed herewith; and

6) For such other and further relief that this Court deems just and equitable.

## JURY DEMAND

OPRX demands a trial by jury on all claims.

Dated this 15th day of May, 2013.                    Respectfully submitted,

/s/ Matthew L. Cutler
Matthew L. Cutler, #46305MO
mcutler@hdp.com
Douglas A. Robinson, #58304MO
drobinson@hdp.com
**HARNESS, DICKEY & PIERCE, P.L.C.**
7700 Bonhomme, Suite 400
St. Louis, MO 63105
(314) 726-7500
FAX: (314) 726-7501

Matthew J.  Flynn*
State Bar No.  1015090
matthew.flynn@quarles.com
Jonathan W.  Hackbarth*
State Bar No.  1056411
jonathan.hackbarth@quarles.com
**QUARLES & BRADY LLP**
411 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Tel:  414/277-5000
Fax: 414/271-3552
Attorneys for Defendants

* Pro hac vice applications pending

## CERTIFICATE OF SERVICE

I, Matthew L. Cutler, hereby certify that I served a true and correct copy of Defendants' Answer and Counterclaim on all counsel of record via the Eastern District of Missouri's CM/ECF electronic filing system.

DATE: May 15th, 2013                             /s/ Matthew L. Cutler

61101709.1